**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| DAVID BAUMGARTNER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00081-O-BP |
| § | |
| MARSHALL THOMAS, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion to Dismiss and Brief in Support (ECF No. 8) filed December 13, 2022; Plaintiff's Response (ECF No. 11); Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 9) filed January 3, 2023; Defendants' Response (ECF No. 12) filed January 24, 2023; and Plaintiff's Response (ECF No. 15) filed February 14, 2023. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motion (ECF No. 8) and **DISMISS** Plaintiff's claims under federal law **with prejudice** and **DISMISS without prejudice** his claims asserting violations of Texas law. Further, the Court should **DENY** Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 9) because Baumgartner has pleaded his best case and further amendment would be futile.

**I.     BACKGROUND**

In his amended complaint, David Baumgartner ("Baumgartner") alleges that Marshall Thomas, Sheriff of Montague County, Texas; Brandon Fischer, Montague County Deputy Sheriff; Casey Polhemus, District Attorney for Montague County; and Kasey Hamilton, Administrative Assistant to the Sheriff of Montague County ("Defendants") denied him his Fourth, Fifth, and

Thirteenth Amendment rights by "compelling him to lifetime bondage and involuntary servitude to both the Montague County Sheriff's Office and the Texas Department of Public Safety." ECF No. 5 at 6. Baumgartner is a convicted and registered sex offender and therefore must verify his sex offender registry information at least once every ninety days. ECF No. 8 at 2; Tex. Code. Crim. Proc. Art. 62.058 (West 2023). The "bondage and involuntary servitude" claim in Baumgartner's amended complaint refers to this requirement. ECF No. 5 at 3-4, 6-8.

Baumgartner filed his complaint on August 16, 2022 (ECF No. 1) and his amended complaint on October 12, 2022 (ECF No. 5). He sues Defendants in their official and individual capacities. ECF No. 5 at 2. Defendants filed a Motion to Dismiss for failure to state a claim for which relief can be granted. ECF No. 8. Besides responding to Defendant's Motion (ECF No. 11), Baumgartner also filed a Motion for Leave to Amend his Complaint (ECF No. 9) a second time. Both Motions are ripe for review.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing

*Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

When dealing with a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

**B.     42 U.S.C. § 1983**

Section 1983 does not provide any substantive rights, but instead "provides a method for vindicating already conferred rights." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015). "Section 1983 provides a claim against anyone who under color of any statute, ordinance, regulation, custom, or usage, of any State violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under

color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

### C. Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id*. (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the Motion to Dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022)

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020).

### D. Municipal Liability

"A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Municipalities may be held liable under § 1983, but only where a custom, policy or practice is the moving force behind a constitutional violation. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir.

2008). Establishing "[m]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Fennell*, 804 F.3d at 412 (quoting *Monell*, 436 U.S. at 694).

## III. ANALYSIS

### A. Baumgartner has not pleaded sufficient facts to support his § 1983 claims.

Baumgartner alleges in his amended complaint that Defendants violated his Fourth Amendment rights by "unlawfully depriving Plaintiff the exercise and enjoyment of a right to be secure in his proper/correct person, papers, and effects." ECF No. 5 at 7. Further, he states in conclusory fashion that his "unalienable constitutional rights secured him by the Constitution for the United States of America and Texas were deprived" in violation of the Fifth Amendment as a result of an arrest for an unspecified offense. *Id.* Specifically, he repeatedly states that

> [Defendants are] tying Plaintiff to lifetime bondage and involuntary servitude to the extraneous entities MONTAGUE COUNTY SHERIFF'S OFFICE and TEXAS DEPARTMENT OF PUBLIC SAFETLY by operating outside the scope of their Oath of Office to conspire, oppress, threaten, intimidate, and defraud Plaintiff of the exercise and enjoyment of liberty and other rights secured him by the Constitution for the United States of America and Texas, compelling him to a tie of duty under a particular code of the Texas Code of Criminal Procedure.

*Id.* at 6, 7.

Liberally construed, the amended complaint asserts that Defendants violated Baumgartner's rights because of the sex offender verification requirements applicable to him under Article 62.058 of the Texas Code of Criminal Procedure. *Id.* at 7-8. It also alleges that "the jury got it wrong when they convicted him for the underlying crimes" requiring the sex offender verification. *Id.* at 3-7. Finally, Baumgartner likens these reporting requirements to "bondage and involuntary servitude" in violation of the Thirteenth Amendment. *Id.* at 7. Defendants respond that

Baumgartner has not alleged facts that would form the basis of any of the alleged violations. ECF No. 8 at 4-5.

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief by including sufficient factual allegations "to raise a right to relief above the speculative level." Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. Baumgartner has not stated any facts to show how any of Defendants' actions violated his constitutional rights. *See* ECF Nos. 5, 11. He has included no reference to dates, times, conversations, or any other facts in his amended complaint to demonstrate how the Montague County Sheriff, Deputy Sheriff, Administrative Assistant to the Sheriff, or the District Attorney have violated his civil rights through the administration and enforcement of the verification requirement. *Id.* He also has not cited to any legal authority supporting any claim. *Id.* He merely makes conclusory statements about his rights. *Id.* Therefore, he cannot establish the elements required to seek redress against the Defendants in either their official or individual capacities through a § 1983 claim. *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir. 1995).

### 1. Qualified Immunity

Additionally, and in the alternative, Defendants in their individual capacities allege that they are entitled to qualified immunity. ECF No. 8 at 6. They argue that Baumgartner has not sufficiently pleaded a constitutional violation or alleged conduct that was objectively unreasonable as a matter of law. *Id.* at 6-7. Because of these deficiencies, Defendants assert that Baumgartner could not defeat their right to qualified immunity. *Id.* Baumgartner did not brief qualified immunity for the purposes of his § 1983 claim, but did do so in response to his allegations of violations of the Texas Constitution, stating that "Defendants are not entitled to qualified immunity when rights

against one of the People of Texas are transgressed and that of a right be established before or at the time of the transgression." ECF No. 11 at 9.

When a Defendant raises the qualified immunity defense, a plaintiff's complaint must "state with precision and specificity" the basis for the claim which necessarily includes why the defendant official cannot successfully maintain the defense of immunity. *Anderson v. Pasadena Indep. School Dist.,* 184 F.3d 439, 443 (5th Cir. 1999). The Fifth Circuit continues to adhere to a "heightened pleading" standard in civil rights cases against government officials. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc) (affirming the continuing validity of *Elliot v. Perez,* 751 F.2d 1472 (5th Cir. 1985))). Even had Baumgartner been able to offer information that a United States or Texas constitutional violation had occurred, he has not provided any facts or legal authority showing that Defendants' conduct was not at the very least reasonably believed to be legal. *See* ECF Nos. 5, 11; *Morgan v. Swanson,* 659 F.3d 359, 370-71 (5th Cir. 2011). Because Baumgartner cannot meet his burden to overcome qualified immunity, his § 1983 claims against Defendants in their individual capacities should be dismissed.

### 2. Municipal Liability

Defendants also argue that because Baumgartner's claims are against Defendants in their official capacities, in addition to their individual capacities, that his claims are "essentially against Defendants' government employer, Montague County." ECF No. 8 at 5-6. Defendants insist that Baumgartner has not pleaded facts to establish a § 1983 municipal liability claim. *Id.* at 6.

Before a plaintiff can sue a governmental entity under the theory of municipal liability for a policy or practice, there must be an actual violation of a plaintiff's constitutional rights underlying the claim. *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995) (holding that a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth

7

Amendment and then identify a state action that resulted in a deprivation of that interest). Without an actual constitutional violation, any alleged custom or policy is irrelevant. *See City of Los Angeles. v. Heller*, 475 U.S. 796, 799 (1986). Baumgartner has not alleged facts to show a constitutional violation here. Further, even if there had been a violation, a county may only be liable under § 1983 for conduct directly attributable to it through official action or grant of approval. *Id.* A plaintiff must show that the action was taken pursuant to an official policy causing constitutional harm. *Bradyn S. v. Waxahachie Indep. Sch. Dist.,* 407 F. Supp. 3d 612, 617 n.2 (N.D. Tex. 2019).

Baumgartner has made no such showing. He has not pleaded that there was a Sheriff's Department or county policy, custom, or procedure that resulted in the deprivation of his rights. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). He only restates his claim related to the sex offender registration verification imposed on him by state law. ECF Nos. 5, 11. Accordingly, Baumgartner has not stated a viable claim against Defendants in their official capacities.

> **B. The Court should decline to exercise supplemental jurisdiction over Baumgartner's claims that Defendants violated the Texas Constitution and Texas Penal Code.**

Baumgartner alleges four claims under the Texas Constitution including violations of (a) Texas's republican form (art. I, § 29) and powers of government (art I, § 2); (b) establishment of a religious test (art. I, § 4); and (c) violation of his freedom of worship (art. I § 6). ECF Nos. 5 at 6-11, 8 at 8-10; Tex. Const. Baumgartner also claims that Defendants violated five provisions of the Texas Penal Code: Theft (§ 31.03), Aggravated Perjury (§ 37.03), Abuse of Official Capacity (§ 39.02), Official Oppression (§ 39.03), and Criminal Conspiracy (§ 15.02). ECF No. 5 at 10-11;

Tex. Pen. Code. All of these claims arise from the same claim that the Court should relieve him of requirements under Texas law that he verify his status as a sex offender. *Id*

Because the undersigned recommends that Judge O'Connor dismiss Baumgartner's federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. §§ 1367(c), 1331, 1332(a); *Pennie v. Obama*, 255 F. Supp. 3d 648, 672 n.5 (N.D. Tex. 2017). Judge O'Connor should dismiss Baumgartner's state law claims without prejudice to allow him to refile in state court should he choose to do so. *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir. 1999).

      **C.**    **Because Baumgartner has pleaded his best case and any amendments would be futile, Judge O'Connor should deny his Motion for Leave to File a Second Amended Complaint.**

Generally, the Court should afford a pro se litigant an opportunity to amend his complaint before dismissing it. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, this opportunity is unnecessary when a plaintiff has already pleaded his "best case." *Id.* at 768. As noted above, Baumgartner previously filed an amended complaint (ECF No. 5), choosing to address the issues raised by Defendants in their Motion to Dismiss (ECF No. 8) through an amended pleading. However, that amended complaint still lacked any facts to support a claim against the Defendants. *See* ECF No. 8. Accordingly, the undersigned concludes that permitting him to amend his pleadings for a third try would be a futile gesture that the law does not require. *See Jamieson v. Shaw,* 772 F.2d 1205, 1209–11 (5th Cir. 1985) (It is within the district court's discretion to deny a motion to amend if it is futile.); *see also Walker v. JPMorgan Chase, N.A.*, No. 3:12-CV-4133-L, 2012 WL 6208418, at *4 (N.D. Tex. Dec. 13, 2012) (finding that any further amendments would be " futile and unnecessarily delay the resolution of [the] action."). Accordingly, Baumgartner has alleged his best case, and no further opportunity to amend his

claims against Defendants is warranted. Thus, Judge O'Connor should deny his Motion for Leave to File Second Amended Complaint (ECF No. 9).

## IV. CONCLUSION

Because Baumgartner has not pleaded facts to show that Defendants violated his constitutional rights or that they violated clearly established law, they are entitled to dismissal of his claims. Baumgartner already has amended his complaint and has pleaded his best case, though it is legally insufficient to state a claim. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion (ECF No. 8) and **DISMISS** Plaintiff's claims under federal law **with prejudice** and **DISMISS without prejudice** his claims asserting violations of Texas law. Further, the Court should **DENY** Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 9) because Baumgartner has pleaded his best case and further amendment would be futile.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on April 28, 2023.

                                                                                                           Hal R. Ray, Jr.
                                                                                                           UNITED STATES MAGISTRATE JUDGE